UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON MAURICE HEMPHILL,

    Plaintiff,                      CIVIL ACTION NO. 14-cv-14958

    v.                               DISTRICT JUDGE DENISE PAGE HOOD

CITY OF TAYLOR, et al.,          MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND COMPLAINT [14]**

This matter comes before the Court on Plaintiff Brandon Maurice Hemphill's Motion for Leave to Amend Complaint. (Docket no. 14.) Defendants City of Taylor, Taylor Police Department, Brian Wojtowicz, Jason Hall, and Nick Hill responded to Plaintiff's Motion (docket no. 16), and Plaintiff replied to Defendants' Response (docket no. 17). This matter has been referred to the undersigned for all pretrial proceedings. (Docket no. 8.) The undersigned has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The undersigned is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.    Background**

This matter arises from Plaintiff's August 4, 2012 "personal encounter" with Defendants Wojtowicz, Hall, and Hill, who, at all times relevant hereto, were police officers employed by the City of Taylor's Police Department. (Docket no. 1 ¶¶ 7-9, 14.) The encounter allegedly resulted in the filing of "falsif[ied] trumped up" charges of armed robbery, unarmed robbery,

resisting/obstruction, and assault on an officer against Plaintiff, which were eventually dismissed with prejudice.[1] (*Id.* ¶ 14.) Plaintiff filed this *pro se* civil rights action against Defendants on December 22, 2014, pursuant to 42 U.S.C. §§ 1983 and 1985(3) and 18 U.S.C. §§ 241-42, alleging that Defendants violated and deprived him of his civil rights on the basis of race. (*Id.* ¶¶ 1, 3, 10, 14-20.) Plaintiff also sets forth claims of gross negligence and "intentional infliction of mental and emotional pain." (*Id.* ¶¶ 29-34.) In the instant Motion, Plaintiff seeks leave from the Court to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a) to add claims of cruel and unusual punishment in violation of the Eighth Amendment and malicious prosecution. (Docket no. 14.) Defendants respond that Plaintiff's Motion should be denied because the proposed amendments fail to state a claim upon which relief can be granted. (Docket no. 16.)

**II.     Governing Law**

Federal Rule of Civil Procedure 15(a) provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Factors relevant to the determination of whether to permit an amendment include "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and

---

[1] Plaintiff is currently incarcerated at the Macomb Correctional Facility as the result of a conviction on charges unrelated to those in the instant Complaint. *See* Mich. Dep't of Corr. Offender Tracking Info. Sys. (OTIS). (The Court is permitted to take judicial notice of the information contained on OTIS. *Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 821 n.3 (E.D. Mich. 2004).)

2

futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). To determine whether an amendment would be futile, the court determines whether the amendment could survive a motion to dismiss pursuant to Rule 12(b)(6). *Keely v. Dep't of Veterans Affairs*, No. 10-CV-11059, 2011 WL 824493, at *1 (E.D. Mich. Mar. 3, 2011) (Majzoub, M.J.) (citation omitted). When deciding a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). A court is not required to guess at the nature of the claim asserted. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**III. Analysis**

As an initial matter, the Court notes that Plaintiff's Motion for Leave to Amend Complaint does not comply with Federal Rule of Civil Procedure 11(a) or Eastern District of Michigan Local Rule 15.1. Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very . . . written motion . . . must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Local Rule 15.1 provides that a party who moves to amend a pleading must attach the entire proposed pleading as amended to the motion and may not incorporate a prior pleading by reference. E.D. Mich. L.R. 15.1. Failure to comply with Local Rule 15.1, however, is not grounds for denial of the motion. *Id*. Here, Plaintiff did not sign his Motion for Leave to Amend Complaint. (*See* docket no. 14 at 6.) Also, Plaintiff submitted the proposed amendments to his existing Complaint in the text of his Motion and

attached his original Complaint to the Motion, but he did not reproduce the entire pleading as amended. Despite these procedural deficiencies, in light of Plaintiff's *pro se* status, the Court will determine Plaintiff's Motion on the merits.

      A.      Plaintiff's Proposed Eighth Amendment Claim

Plaintiff asserts that Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. (Docket no. 14 at 2-3.) Although not entirely clear, Plaintiff seemingly asserts that he was subjected to cruel and unusual punishment because the allegedly "falsified" charges against him were dismissed without prejudice. To support his position, Plaintiff cites to a footnote in *Herrera v. Collins*, in which Justice Blackmun, in his dissenting opinion, noted that it "may violate the Eighth Amendment to imprison someone who is actually innocent." (*Id.* (citing 506 U.S. 390, 432 n.2 (1993).)

Defendant argues that Plaintiff fails to provide a factual basis for this proposed new claim (*see* docket no. 16 at 1, 3), and the Court agrees. Specifically, Plaintiff repeatedly asserts in a conclusory fashion that he was subjected to cruel and unusual punishment, but he does not set forth any factual allegations from which Defendants or the Court could possibly discern the nature of the alleged punishment. Even if the Court were to infer from Plaintiff's reference to *Herrera* that the alleged punishment was in the form of imprisonment, Plaintiff has not set forth any facts to indicate that he was imprisoned in relation to the charges that are the subject of Plaintiff's Complaint. Accordingly, Plaintiff's proposed Eighth Amendment claim fails to state a claim upon which relief can be granted; hence, it would be futile.

      B.      Plaintiff's Proposed Malicious Prosecution Claim

Plaintiff alleges that he was "deprived of the equal protection of the laws where he was deprived of equitable justice by the Defendants, which in turn formed the malicious

4

prosecution." (Docket no. 14 at 4.) To prevail on a Section 1983 malicious prosecution claim, a plaintiff must show that (1) "a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute;" (2) "there was a lack of probable cause for the criminal prosecution;" (3) the plaintiff suffered a deprivation of liberty as a result of the criminal prosecution; and (4) the criminal prosecution was resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) (citations and internal quotation marks omitted).

Plaintiff alleges that "all Defendants did have personal involvement in the malicious prosecution of the case against him." (Docket no. 14 at 4.) He also alleges that "[a]ll defendants conspired from the onset to deprive plaintiff, or class of persons protected not to be maliciously prosecuted." (*Id.*) Next, Plaintiff discusses the elements of a malicious prosecution claim under *Sykes*, but as Defendant points out, Plaintiff again fails to allege any facts to support this claim. (*Id.* at 4-5; *see* docket no. 16 at 4.) The Court acknowledges that in his original Complaint, which Plaintiff apparently, but improperly, incorporates by reference, Plaintiff alleges that Defendants Wojtowicz, Hall, and Hill falsified trumped up charges of armed robbery, unarmed robbery, resisting/obstruction, and assault on an officer against Plaintiff and that those charges were eventually dismissed with prejudice. (*See* docket no. 1 ¶ 14.) While these allegations may lend some support to the first and fourth elements of malicious prosecution, Plaintiff has failed to set forth any factual allegations to show that there was a lack of probable cause for the prosecution or that he suffered a deprivation of liberty as a result. The Court also acknowledges that Plaintiff offers additional factual support for this claim in his reply brief to Defendants' Response to the instant Motion (*see* docket no. 17); however, this does not cure Plaintiff's failure to plead anything more than threadbare recitals of the elements of malicious prosecution and

legal conclusions regarding the same in his proposed malicious prosecution claim. Accordingly, amendment of the Complaint to add Plaintiff's malicious prosecution claim would be futile.

        C.        <u>Plaintiff's Additional Proposed Language</u>

Another amendment that Plaintiff seeks to add to his Complaint is a two-paragraph argument regarding the applicable statute of limitations, in which Plaintiff argues that this action should be permitted to proceed because the statute of limitations has not expired. (Docket no. 14 at 3-4.) Plaintiff indicates that he is making this argument in response to the affirmative defense Defendants raise in their Answer to Plaintiff's Complaint. (*Id*.) An amended complaint, however, is an improper vehicle in which to convey such an argument.

Plaintiff also sets forth a proposed "counter-claim." (*Id*. at 5.) Plaintiff alleges that Defendants confiscated $652.00 from Plaintiff when they arrested him, and he seeks to amend his Complaint "to include a counter-claim for damages and relief requested to include the $652.00 plus interest as allowed under the law." (*Id*.) As written, it is unclear whether Plaintiff intends his "counter-claim" to be a separate claim for relief, or whether he intends to add the $652.00 to the monetary damages he is seeking, or both. Essentially, it does not provide Defendants with fair notice of what the claim is and the grounds upon which it rests, and it would not survive a Rule 12(b)(6) motion to dismiss.

For the reasons stated above, Plaintiff's proposed amended complaint fails to state a claim upon which relief may be granted and would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6); it would, therefore, be futile. Consequently, the Court will deny Plaintiff's Motion for Leave to Amend Complaint (docket no. 14).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend Complaint [14] is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: November 12, 2015         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated: November 12, 2015         s/ Lisa C. Bartlett
                                 Case Manager