UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON MAURICE HEMPHILL,

    Plaintiff,                                CIVIL ACTION NO. 14-cv-14958

    v.                                       DISTRICT JUDGE DENISE PAGE HOOD

CITY OF TAYLOR, et al.,            MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO COMPEL [20]**

This matter comes before the Court on Defendants City of Taylor, Taylor Police Department, Brian Wojtowicz, Jason Hall, and Nick Hill's Motion to Compel Answers to Interrogatories and Extend Discovery by 90 Days. (Docket no. 20.) Plaintiff Brandon Maurice Hemphill responded to Defendants' Motion. (Docket no. 21.) This matter has been referred to the undersigned for all pretrial proceedings. (Docket no. 8.) The undersigned has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). The undersigned is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

I.    BACKGROUND

This matter arises from Plaintiff's August 4, 2012 "personal encounter" with Defendants Wojtowicz, Hall, and Hill, who, at all times relevant hereto, were police officers employed by the City of Taylor's Police Department. (Docket no. 1 ¶¶ 7-9, 14.) The encounter allegedly resulted in the filing of "falsif[ied] trumped up" charges of armed robbery, unarmed robbery, resisting/obstruction, and assault on an officer against Plaintiff, which were eventually dismissed

with prejudice.[1] (*Id*. ¶ 14.) Plaintiff filed this *pro se* civil rights action against Defendants on December 22, 2014, pursuant to 42 U.S.C. §§ 1983 and 1985(3) and 18 U.S.C. §§ 241-42, alleging that Defendants violated and deprived him of his civil rights on the basis of race. (*Id*. ¶¶ 1, 3, 10, 14-20.) Plaintiff also sets forth state-law claims of gross negligence and "intentional infliction of mental and emotional pain." (*Id*. ¶¶ 29-34.)

Defendants filed the instant Motion on December 28, 2015, seeking (1) an order from the Court that compels Plaintiff to provide full and complete answers to Defendants' interrogatories; and (2) a ninety-day extension of discovery to allow Defendants an opportunity to depose Plaintiff and any eye witnesses identified by Plaintiff in his answers to Defendants' interrogatories. (Docket no. 20.)

## II. GOVERNING LAW

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged, is relevant to any party's claim or defense, and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would

---

[1] Plaintiff is currently incarcerated at the Kinross Correctional Facility as the result of a conviction on charges unrelated to those in the instant Complaint. *See* Mich. Dep't of Corr. Offender Tracking Info. Sys. (OTIS). (The Court is permitted to take judicial notice of the information contained on OTIS. *Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 821 n.3 (E.D. Mich. 2004).)

prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(a)(5)(A).

As provided by Federal Rule of Civil Procedure 16(b), a court's scheduling order may be modified only for good cause and with the judge's consent. Good cause is met by determining the moving party's diligence in attempting to meet the scheduling order and whether the opposing party will suffer prejudice by amending the scheduling order. *Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003).

### III.   ANALYSIS

#### A.   Defendants' Motion to Compel Answers to Interrogatories

Defendants served Plaintiff with their First Set of Interrogatories on October 26, 2015. (Docket no. 20 at 7-15.) On December 28, 2015, Defendants filed the instant Motion, asserting that they had not yet received Plaintiff's answers to those interrogatories and seeking a court order compelling Plaintiff to provide full and complete answers to the interrogatories, without

objection, within fourteen (14) days. (*Id*. at 2.) In response to Defendants' Motion, Plaintiff asserts that he submitted his answers to Defendants' interrogatories to Defendants' counsel on November 3, 2015. (Docket no. 21 at 1.) To support this assertion, Plaintiff attached copies of the following documents as exhibits to his Response: (1) an Expedited Legal Mail form dated November 3, 2015 that contains Defendants' counsel's mailing address; (2) a page from a Legal Mail and Court Filing Fee Logbook that contains entries dated November 3, 2015 with Plaintiff's name and prisoner number; (3) Plaintiff's answers to Defendants' interrogatories dated November 2, 2015; and (4) a Proof of Service signed and notarized on November 2, 2015, in which Plaintiff certifies that he sent his interrogatory answers to Defendants' counsel. (*Id*. at 8, 9, 12-13, 18.)

Essentially, Plaintiff asserts that he responded to Defendants' interrogatories, and Defendants assert that they never received those responses. As a practical matter, any discord between the parties related to this matter is now moot, as Plaintiff's answers to Defendants' interrogatories are attached as an exhibit to Plaintiff's Response on the Court's docket, and Defendants have had notice of and access to those answers since January 26, 2016. (*See id.* at 12-13.) Accordingly, the Court will deny Defendants' Motion to Compel Plaintiff's answers to Defendants' First Set of Interrogatories as moot.

      **B.**    **Defendants' Motion to Extend Discovery by Ninety Days**

The instant Motion also includes Defendants' request to extend the discovery period by ninety days to allow Defendants the opportunity to depose Plaintiff and any other witnesses who may become known through Plaintiff's interrogatory answers. (Docket no. 20 at 2-3 and 6.) On July 28, 2015, the Court entered a Scheduling Order in this matter that set a discovery deadline of December 11, 2015. (Docket no. 15.) Defendants explain that they were waiting to conduct

any substantial deposition discovery until after they received Plaintiff's discovery responses and after Plaintiff's July 9, 2015 Motion for Leave to Amend Complaint was ruled upon; Plaintiff's Motion for Leave to Amend was denied on November 12, 2015. (Docket no. 20 at 2, 5; docket no. 19.) Defendants further explain that Plaintiff's deposition was tentatively scheduled for November 24, 2015, but it was adjourned because of scheduling conflicts and because Defendants had not yet received Plaintiff's discovery responses. (Docket no. 20 at 2, 5.) It is for these reasons that Defendants suggest that good cause exists to extend the discovery period. Defendants also assert that this is the first time any discovery extension has been requested and that a short extension would allow the parties to fully and effectively complete discovery in this matter. (*Id*. at 6.)

Plaintiff "vehemently" objects to an extension of the discovery period in this matter. (Docket no. 21 at 2.) In doing so, Plaintiff argues that Defendants have not demonstrated the good cause necessary to justify an extension of the discovery period because they have shown a lack of diligence in filing the instant Motion, in obeying the Scheduling Order, and in conducting discovery.[2] (*Id*. at 4-6.) Without further explanation, Plaintiff also asserts that he would be prejudiced by an extension of the discovery period. (*Id*. at 2.)

Having considered the parties' arguments, the Court finds good cause to extend the discovery period by ninety days to allow the parties to complete discovery, including the depositions of Plaintiff and any witnesses identified by Plaintiff in his answers to Defendants' interrogatories. Contrary to Plaintiff's assertion, Defendants have not demonstrated a lack of diligence in this matter; in fact, they filed the instant Motion in accordance with the discovery motion deadline set forth in the Scheduling Order, and their election to not engage in substantial

---

[2] Plaintiff also argues that Defendants' counsel failed to confer with Plaintiff before filing the instant Motion; however, pursuant to Eastern District of Michigan Local Rule 7.1(a)(2)(C), Defendants' counsel was not required to seek concurrence because Plaintiff is an incarcerated prisoner proceeding *pro se*.

5

deposition discovery until after the Court ruled on Plaintiff's Motion for Leave to Amend and after they received Plaintiff's interrogatory answers was reasonable.  Plaintiff does not explain how the requested extension of the discovery period would cause him prejudice, and the Court finds that any prejudice suffered by Plaintiff would be minimal.  Accordingly, the Court will grant Defendants' Motion to Extend Discovery by 90 Days.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Answers to Interrogatories and Extend Discovery by 90 Days [20] is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. Defendants' Motion to Compel Answers to Interrogatories is **DENIED** as moot; and

b. Defendants' Motion to Extend Discovery by 90 Days is **GRANTED**.  The parties will have an additional 90 days from the date of this Opinion and Order within which to conduct and complete discovery.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of  Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated:  May 23, 2016            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Opinion and Order was served upon Plaintiff and counsel of record on this date.

Dated:  May 23, 2016         s/ Lisa C. Bartlett  
                                          Case Manager