UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON MAURICE HEMPHILL,

    Plaintiff,                    CIVIL ACTION NO. 14-cv-14958

    v.                            DISTRICT JUDGE DENISE PAGE HOOD

CITY OF TAYLOR, et al.,        MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL [27]

This matter comes before the Court on Plaintiff Brandon Maurice Hemphill's Motion to Compel Discovery. (Docket no. 27.) Defendants City of Taylor, Taylor Police Department, Brian Wojtowicz, Jason Hall, and Nick Hill responded to Plaintiff's Motion. (Docket no. 30.) This matter has been referred to the undersigned for all pretrial proceedings. (Docket no. 8.) The undersigned has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). The undersigned is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

This matter arises from Plaintiff's August 4, 2012 "personal encounter" with Defendants Wojtowicz, Hall, and Hill, who, at all times relevant hereto, were police officers employed by the City of Taylor's Police Department. (Docket no. 1 ¶¶ 7-9, 14.) The encounter allegedly resulted in the filing of "falsif[ied] trumped up" charges of armed robbery, unarmed robbery, resisting/obstruction, and assault on an officer against Plaintiff, which were eventually dismissed

with prejudice.[1] (*Id*. ¶ 14.) Plaintiff filed this *pro se* civil rights action against Defendants on December 22, 2014, pursuant to 42 U.S.C. §§ 1983 and 1985(3) and 18 U.S.C. §§ 241-42, alleging that Defendants violated and deprived him of his civil rights on the basis of race. (*Id*. ¶¶ 1, 3, 10, 14-20.) Plaintiff also sets forth state-law claims of gross negligence and "intentional infliction of mental and emotional pain." (*Id*. ¶¶ 29-34.)

Plaintiff filed the instant Motion to Compel Discovery on August 8, 2016. (Docket no. 27.) In his Motion, Plaintiff alleges that he served Defendants with his first set of interrogatories and requests for production of documents on November 2, 2015, and that Defendants have failed to respond to those discovery requests, despite Plaintiff's subsequent letters of inquiry. (*Id*. ¶¶ 1-3.) Plaintiff seeks an order compelling Defendants to respond to his discovery requests and sanctioning Defendants for their failure to previously respond to those requests. (*Id*. ¶¶ 7-10.)

In response to Plaintiff's Motion, Defendants assert that they did not receive a copy of Plaintiff's proposed interrogatories until they received the instant Motion to Compel and that they have never been served by Plaintiff with any request for production, adding that Plaintiff has not attached a copy of his November 2, 2015 requests for production to the instant Motion. (Docket no. 30 ¶ 1.) Defendants continue that in spite of the foregoing, on August 22, 2016, they answered the interrogatories submitted by Plaintiff and voluntarily produced all of the police records relevant to the subject incident, including the investigator's report, the felony warrant filed against Plaintiff, the preliminary examination transcript, and Plaintiff's written statement. (*Id*. (citing docket nos. 30-2 and 30-3).) Defendants therefore request that Plaintiff's Motion be denied. (*Id*. ¶ 10.)

---

[1] Plaintiff is currently serving a life sentence at the Baraga Correctional Facility as the result of a conviction on charges unrelated to those in the instant Complaint. *See* Mich. Dep't of Corr. Offender Tracking Info. Sys. (OTIS). (The Court is permitted to take judicial notice of the information contained on OTIS. *Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 821 n.3 (E.D. Mich. 2004).)

Eastern District of Michigan Local Rule 37.2 requires that "[a]ny discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." E.D. Mich. L.R. 37.2.  Plaintiff neither included a verbatim recitation of his November 2, 2015 interrogatories and requests for production in his Motion, nor did he attach them to the Motion.  The Court will therefore deny Plaintiff's Motion on this basis.  Additionally, in light of the fact that Defendants have since served Plaintiff with discovery and that Plaintiff has made no further contact with the Court regarding the instant Motion or Defendants' discovery responses, the Court finds that this Motion has likely been rendered moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery [27] is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated:  November 3, 2016        s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Plaintiff and counsel of record on this date.

Dated: November 3, 2016         s/ Lisa C. Bartlett
                                Case Manager