**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**BRANDON MAURICE HEMPHILL,**

    **Plaintiff,**                                             **CIVIL ACTION NO. 14-cv-14958**

    **v.**                                                     **DISTRICT JUDGE DENISE PAGE HOOD**

**CITY OF TAYLOR, et al.,**                  **MAGISTRATE JUDGE MONA K. MAJZOUB**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Brandon Maurice Hemphill commenced this *pro se* civil rights action against Defendants City of Taylor, Taylor Police Department, Brian Wojtowicz, Jason Hall, and Nick Hill on December 22, 2014, pursuant to 42 U.S.C. §§ 1983 and 1985(3) and 18 U.S.C. §§ 241-242, alleging that Defendants violated and deprived him of his civil rights on the basis of race. (Docket no. 1.)  Before the Court is Defendants' Motion for Summary Judgment and Plaintiff's Motion in Opposition to Defendants' Motion for Summary Judgment, the latter of which the Court construes as Plaintiff's response to Defendants' Motion.  (Docket nos. 33 and 49.)  Also before the Court is Defendants' *Ex Parte* Sealed Motion for Order Permitting Them to Take John Doe Deposition.  (Docket no. 38.)  This matter has been referred to the undersigned for all pretrial purposes.  (Docket no. 8.)  The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.      RECOMMENDATION**

For the reasons that follow, it is recommended that Defendants' Motion for Summary Judgment (docket no. 33) be **GRANTED**, that Defendants' *Ex Parte* Sealed Motion for Order Permitting Them to Take John Doe Deposition (docket no. 38) be **DENIED** as moot, and that this matter be dismissed in its entirety.

**II.     REPORT**

   **A.     Background**

This matter arises from what Plaintiff describes as a "routine personal encounter" with Defendants Wojtowicz, Hall, and Hill on August 4, 2012, who, at all times relevant hereto, were police officers employed by the City of Taylor's Police Department. (Docket no. 1 ¶¶ 3, 7-9, 14.) Because Plaintiff provides no further explanation regarding the "personal encounter," the Court refers to the facts provided by Defendants in their Motion for Summary Judgment. According to Defendants, on August 4, 2012, Plaintiff was a passenger in a white Chevrolet Malibu, which Defendants believed had been involved in an armed robbery earlier that evening. (Docket no. 33 at 13-15.) Defendant Hall located and stopped the Malibu, upon which stop its three passengers exited the vehicle and started running. (*Id*. at 15.) The front seat passenger was apprehended shortly thereafter by Defendant Wojtowicz and Corporal Rich, and he was identified as Plaintiff. (*Id*. at 15-16.) Meanwhile, Defendant Hall remained with the Malibu, arresting its driver and recovering multiple firearms and loaded magazines from the vehicle, allegedly including a fully loaded handgun from underneath the seat where Plaintiff was sitting. (*Id*. at 15.) Defendant Hill interviewed Plaintiff at the police station in the early morning hours of August 5, 2012. (Docket no. 33-5.) During the interview, Plaintiff admitted that he had watched the other passengers in the Malibu rob someone the previous evening, that the Malibu

was eventually pulled over by the police, and that he fled because he had warrants out for his arrest and because he knew that there were guns in the car that he had previously touched. (*Id*.)

The Wayne County Prosecutor's Office subsequently charged Plaintiff with armed robbery, assaulting/resisting/obstructing a police officer, and felony firearm. (Docket no. 33-8.) Defendants Wojtowicz, Hall, and Hill testified at the preliminary exam, at the conclusion of which Plaintiff was bound over on the robbery and felony firearm charges. (Docket no. 33 at 18; docket no. 33-4.) The charges were later dismissed. (Docket no. 1 ¶ 14; docket no. 33 at 18.) On April 8, 2014, Plaintiff was convicted on unrelated charges of first-degree, premeditated murder, assault with intent to commit murder, and felony firearm. (Docket no. 33 at 19.) Defendants Wojtowicz, Hall, and Hill testified at Plaintiff's murder trial regarding the facts and circumstances surrounding Plaintiff's August 4, 2012 arrest. (*Id*.) Plaintiff is currently serving a life sentence at the Baraga Correctional Facility as the result of the murder conviction. *See* Mich. Dep't of Corr. Offender Tracking Info. Sys. (OTIS).[1]

Plaintiff filed this *pro se* civil rights action against Defendants on December 22, 2014, pursuant to 42 U.S.C. §§ 1983 and 1985(3) and 18 U.S.C. §§ 241-242, alleging that Defendants violated and deprived him of his civil rights on the basis of race. (*Id*. ¶¶ 1, 3, 14-20.) Specifically, Plaintiff alleges that Defendants Wojtowicz, Hall, and Hill, acting under color of state law, conspired to deprive Plaintiff of equal protection of the law on the basis of Plaintiff's race as an African American. (*Id*. ¶¶ 3, 14.) Plaintiff bases this claim on statements that Defendant Hall allegedly made to Plaintiff at some point during the "personal encounter." According to Plaintiff, Defendant Hall stated: (1) "You're just another young black boy from Inkster waiting on a bullet;" (2) "Guess what, I found some firearms in that car, but can't recall

---

[1] The Court is permitted to take judicial notice of the information contained on OTIS. *Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 821 n.3 (E.D. Mich. 2004).

3

where, but I am gonna make sure you are charged with one;" and (3) "You boys are lucky you boys didn't shoot anyone." (*Id.*) Plaintiff alleges that this "incident" resulted in Defendants Wojtowicz, Hall, and Hill "falsifying trumped up criminal charges filed against [him]," which were eventually dismissed with prejudice. (*Id.* ¶ 14.) Plaintiff claims that Defendants Wojtowicz, Hall, and Hill "acted pursuant to a policy or custom of regularly reaching an agreement, understanding and meeting of the minds to engage in conspiracy and/or joint collaboration to file false police charges against persons on account of such person by reason of their color or race, i.e., African American." (*Id.* ¶ 17.) Plaintiff further claims that "Defendants City of Taylor and Taylor Police Department has [sic] a municipal policy and custom of failure to train and/or a custom of regularly allowing the Taylor Police Officers to file false and trumped up criminal charges on persons of color or race, particularly, African Americans." (*Id.* ¶ 18 (emphasis omitted), ¶ 27.) Plaintiff also sets forth state-law claims of gross negligence and "intentional infliction of mental and emotional pain." (*Id.* ¶¶ 21-22, 29-34.) Plaintiff seeks compensatory and punitive damages from each defendant in the amount of $100,500,000.00. (*Id.* at 15.) Defendants move for summary judgment pursuant to Rule 56. (Docket no. 33.)

### B. Governing Law

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

4

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

**C. Analysis**

*1. Plaintiff's Claims against Defendant Taylor Police Department*

As an initial matter, a municipal police department is not a separate municipality from the city it serves; thus, any claims filed against a city police department are filed "against the city itself, because the city is the real party in interest." *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989, 992 n.1 (6th Cir. 1994). Thus, the Taylor Police Department is not a proper defendant in this matter and should be dismissed. *See McKissick-Johnson v. Detroit Police Dept.*, No. 13-13309, 2013 WL 5177975, at *1 (E.D. Mich. Sept. 12, 2013);

*Zueski v. Michigan State Police*, No. 07-10245, 2008 WL 2357709, at *1 (E.D. Mich. June 6, 2008).

### 2. *Plaintiff's 18 U.S.C. §§ 241-242 Claims*

Plaintiff alleges that Defendants violated two criminal statutes: 18 U.S.C. § 241 (criminal conspiracy) and 18 U.S.C. § 242 (criminal deprivation of rights under color of law). Regardless of whether Defendants violated these statutes, these criminal statutes do not provide Plaintiff with a private cause of action. *See Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308-09 (6th Cir. 2004) (stating that a private citizen plaintiff "has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts;" and finding no private cause of action under 18 U.S.C §§ 241 and 242) (citations omitted)); *Poydras v. One West Bank*, No. 09-11435, 2009 WL 1427396, at *1 (E.D. Mich. May 20, 2009) (Zatkoff, J.) (citing cases and denying requested damages relief under 18 U.S.C § 241 because it was a criminal statute and provided no cause of action to a private citizen) (citation omitted). Because Plaintiff is unable to enforce these statutes, the Court recommends that Defendants be granted summary judgment with regard to these causes of action.

### 3. *Plaintiff's 42 U.S.C. § 1983 Claims*

To prevail on a § 1983 claim, a plaintiff must prove "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001) (citations omitted). There is no dispute that Defendants were acting under color of state law. Thus, the only remaining issue under a § 1983 analysis is whether they deprived Plaintiff of a constitutional right.

Plaintiff's section 1983 claims sound in malicious prosecution under the Fourth Amendment. To prevail on a section 1983 malicious prosecution claim, a plaintiff must show

that (1) "a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute;" (2) "there was a lack of probable cause for the criminal prosecution;" (3) the plaintiff suffered a deprivation of liberty as a result of the criminal prosecution; and (4) the criminal prosecution was resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) (citations and internal quotation marks omitted). "Whether an officer influenced or participated in the decision to prosecute hinges on the degree of the officer's involvement and the nature of the officer's actions." *Id*. at 311 n.9 (citations omitted).

Plaintiff alleges that Defendants Wojtowicz, Hall, and Hill falsified trumped up charges of armed robbery, unarmed robbery, resisting/obstruction, and assault on an officer against Plaintiff and that those charges were eventually dismissed with prejudice. (Docket no. 1 ¶ 14.) While these allegations may lend some support to the first and fourth elements of malicious prosecution, Plaintiff has failed to set forth any factual allegations or evidence to show that there was a lack of probable cause for the prosecution or that he suffered a deprivation of liberty as a result. Moreover, Defendants have submitted evidence that the Wayne County Prosecutor's Office initiated the prosecution against Plaintiff (*see* docket no. 33-8), and Plaintiff has presented no evidence that Defendants Wojtowicz, Hall, or Hill "conspired with, influenced, or even participated in, [the prosecutor's] decision to bring charges against him." *McKinley v. City of Mansfield*, 404 F.3d 418, 444 (6th Cir. 2005). Accordingly, Defendants cannot be held liable for malicious prosecution.

To the extent that Plaintiff alleges that Defendants denied him equal protection of the law, Plaintiff's claim fails on similar grounds as his malicious prosecution claim. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any

7

person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citation omitted). It "protects against invidious discrimination among similarly-situated individuals or implicating fundamental rights." *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). To establish a claim under the Equal Protection Clause, a plaintiff must show that he is a member of a protected class and that he was intentionally and purposefully discriminated against because of his protected status. *Jones v. Union Cnty., Tenn.*, 296 F.3d 417, 426 (6th Cir. 2002). More specifically, he "must prove that the decisionmakers in *his* case acted with discriminatory purpose." *McCleskey v. Kemp,* 481 U.S. 279, 292 (1987) (emphasis in original). "'Determining whether invidious discriminatory purpose was a motivating factor' behind a law enforcement officer's actions 'demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available.'" *Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 95 F. Supp. 2d 723, 734 (N.D. Ohio 2000), *aff'd and remanded*, 308 F.3d 523 (6th Cir. 2002) (quoting *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977)). *See also U.S. v. Avery*, 137 F.3d 343, 355 (6th Cir. 1997) ("Often, it is difficult to prove directly the invidious use of race. . . . Accordingly, discrimination can be proved through direct evidence, which seldom exists, or inferences can be drawn from valid relevant statistical evidence of disparate impact or other circumstantial evidence.").

The only evidence offered by Plaintiff to support his equal protection claim are the statements allegedly made by Defendant Hall to Plaintiff at some point during the August 4, 2012 "personal encounter." According to Plaintiff, Defendant Hall stated, "You're just another young black boy from Inkster waiting on a bullet;" he later allegedly stated, "Guess what, I

8

found some firearms in that car, but can't recall where, but I am gonna make sure you are charged with one;" and at some point, Defendant Hall further stated, "You boys are lucky you boys didn't shoot anyone."  (Docket no. 1 ¶ 14.)  Assuming that Defendant Hall made these statements to Plaintiff, the Court finds that the statements, standing alone, are not inherently discriminatory and do not constitute direct evidence of purposeful discrimination by Defendant Hall.  Moreover, as Defendants point out, "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."  (Docket no. 33 at 29 (quoting *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citation omitted)).)

Even if the Court were to infer from the statements that Defendant Hall was going to make sure that Plaintiff was charged with a weapons violation because he was black, as Plaintiff suggests, such evidence would be circumstantial at best, and in this case insufficient to establish an equal protection violation, because Plaintiff has not shown that Defendant Hall was the decision maker with regard to which charges were filed against Plaintiff.  As this Court stated above in addressing Plaintiff's malicious prosecution claim, Plaintiff has presented no evidence that Defendant Hall conspired with, influenced, or even participated in the prosecuting attorney's decision to bring charges against him.  Stated differently, Plaintiff has failed to draw the causal connection between Defendant Hall's alleged statements and the charges filed against him.  And the Sixth Circuit has held that "isolated remarks made by non-decisionmakers . . . are not sufficient evidence of discriminatory motive."  *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 514 (6th Cir. 1991).  Defendants should therefore be granted summary judgment on Plaintiff's equal protection claim.

9

Plaintiff also claims that "Defendants', including but not limited to, Defendant H[all's], conduct was so reckless and comments were so inflammatory, as to demonstrate a substantial lack of concern for whether [Plaintiff] would be injured. (Docket no. 1 ¶ 26.) Defendants inform that Plaintiff, at his deposition, clarified that the conduct that he was referring to in this paragraph was Defendant Wojtowicz, Hall, and Hill's testimony against Plaintiff at the preliminary examination on the charges that are the subject of the instant matter, as well as their testimony at Plaintiff's subsequent murder trial. (Docket no. 33 at 22; docket no. 33-10 at 20-22.) "It is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings." *Spurlock v. Satterfield,* 167 F.3d 995, 1001 (6th Cir. 1999) (citing *Briscoe v. LaHue,* 460 U.S. 325, 330–31 (1983)). Thus, to the extent that Plaintiff claims that Defendants Wojtowicz, Hall, and Hill committed a constitutional violation through their testimony at the preliminary exam related to the charges in this matter and/or at Plaintiff's murder trial, they are entitled to absolute immunity. Defendants' Motion for Summary Judgment should therefore be granted in this regard.

Lastly, to state a claim against Defendant City of Taylor under § 1983, Plaintiff must allege that the City engaged in a policy or custom that was the moving force behind the deprivation of his constitutionally-protected rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Miller v. Sanilac Cnty.*, 606 F.3d 240, 254-55 (6th Cir. 2010). Here, Plaintiff claims that "Defendants City of Taylor and Taylor Police Department has [sic] a municipal policy and custom of failure to train and/or a custom of regularly allowing the Taylor Police Officers to file false and trumped up criminal charges on persons of color or race, particularly, African Americans," and that he suffered a violation of his federal rights because of that policy or failure to train. (Docket no. 1 ¶¶ 18, 20, 27.) "However, if a plaintiff does not suffer a constitutional

violation, there can be no unconstitutional custom or policy that is 'the moving force' behind an act upon which municipal liability can attach." *Gohl v. Livonia Pub. Sch.*, 134 F. Supp. 3d 1066, 1090 (E.D. Mich. 2015) (citations omitted), *aff'd sub nom. Gohl v. Livonia Pub. Sch. Sch. Dist.*, 836 F.3d 672 (6th Cir. 2016).  As discussed above, Plaintiff has failed to prove that he has suffered a constitutional violation at the hands of the individual defendants.  Therefore, Plaintiff's *Monell* claim against Defendant City of Taylor fails as a matter of law, and the City of Taylor should be granted summary judgment under *Monell* and its progeny.

### 4. Plaintiff's 42 U.S.C. § 1985(3) Claim

To state a cause of action for conspiracy under 42 U.S.C. § 1985(3), Plaintiff must demonstrate: "(1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the laws, and (3) an act in furtherance of that conspiracy (4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen."  *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996) (citation omitted).  Plaintiff must also demonstrate that "the conspiracy was motivated by a class based animus, such as race." *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998) (citations omitted).  As discussed above, however, Plaintiff's equal protection claim brought under 42 U.S.C. § 1983 cannot survive Defendants' Motion for Summary Judgment, therefore, Plaintiff's claim against Defendants for conspiring to deprive him of equal protection of the law under 42 U.S.C. § 1985(3) must also fail.  *See Brown v. Cnty. of Jackson*, 804 F. Supp. 939, 944 (E.D. Mich. 1992) (finding that no cause of action exists under § 1985(3), where a plaintiff has failed to state a claim under § 1983).  Defendants' Motion for Summary Judgment should be granted on Plaintiff's section 1985 claim.

### 5. *Plaintiff's State Law Claims*

Along with his constitutional allegations, Plaintiff sets forth state law claims of gross negligence and "intentional infliction of mental and emotional pain." (Docket no. 1 ¶¶ 21-22, 29-34.) 28 U.S.C. § 1367(c)(3) provides that the court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. Because the undersigned has recommended dismissal of all of Plaintiff's federal claims, the undersigned further recommends that the court decline to exercise supplemental jurisdiction over Plaintiff's state law gross negligence and intentional infliction of mental and emotional pain claims pursuant to 28 U.S.C. § 1367(c)(3). *See Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.").

### D. Conclusion

For the above-stated reasons, the court should **GRANT** Defendants' Motion for Summary Judgment (docket no. 33), **DENY** as moot Defendants' *Ex Parte* Sealed Motion for Order Permitting Them to Take John Doe Deposition (docket no. 38), and dismiss this matter in its entirety.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th

Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 9, 2017                     s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: May 9, 2017                     s/ Lisa C. Bartlett
                                       Case Manager

13