# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRANDON MAURICE HEMPHILL,

        Plaintiff,        CASE NO. 14-14958
                                  HON. DENISE PAGE HOOD

v.

CITY OF TAYLOR, *et al.*,

        Defendants.

                                        /

**ORDER ACCEPTING REPORT AND RECOMMENDATION [#50]
TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
[#33] AND TO DENY AS MOOT DEFENDANTS' *EX PARTE* SEALED
MOTION FOR ORDER PERMITTING JOHN DOE DEPOSITION [#38]**

This matter is before the Court on a Report and Recommendation (Doc # 50) filed by Magistrate Judge Mona K. Majzoub on Defendants' Motion for Summary Judgment (Doc # 33), and Defendants' *Ex Parte* Sealed Motion for Order Permitting Them to Take John Doe Deposition (Doc # 38). To date, no objections were filed to the Report and Recommendation and the time to file such has passed.

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1)(C). The

1

court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* In order to preserve the right to appeal the magistrate judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

After review of the Magistrate Judge's Report and Recommendation, the Court finds that her findings and conclusions are correct. The Court agrees with the Magistrate Judge that the Taylor Police Department is not a proper defendant in this matter and should be dismissed. The Court agrees that 18 U.S.C. § 241 and 18 U.S.C. § 242 do not provide Plaintiff with a private cause of action. The Court further agrees with the Magistrate Judge that Plaintiff's malicious prosecution Section 1983 claim fails because Plaintiff has failed to set forth any factual allegations or evidence to show that there was a lack of probable cause for the prosecution.[1] The Court agrees that any equal protection claim under the

---

[1] Plaintiff's own admissions during a videotaped police interview following his arrest for armed robbery, as well as Plaintiff's written statement to the police and deposition testimony, show that Plaintiff cannot establish that there was a lack of probable cause. *See* Doc # 33-5; Doc # 33-7 (stating "I fled the sencen [sic] simply because I had prior warnts [sic] from a few years back and because I knew there were guns in the car. However I also knew I had touched a few guns so I felt as if it would had look [sic] like one of them was mines [sic]"); Doc # 33-10, Pg ID 310-11.

Fourteenth Amendment also fails because the alleged statements on the part of Defendant Jason Hall, standing alone, do not rise to the level of a constitutional violation.[2] The Court also agrees with the Magistrate Judge that any claim based on Defendants' testimony at the preliminary exam related to the criminal charges and/or at Plaintiff's murder trial fails because Defendants are entitled to absolute immunity from suit on this basis. The Court agrees that Plaintiff's *Monell* claim against Defendant City of Taylor fails because Plaintiff cannot establish that he suffered a constitutional violation at the hands of the individual Defendants. The Court agrees that Plaintiff's conspiracy claim under 42 U.S.C. § 1985(3) fails because his equal protection claim under Section 1983 cannot survive summary judgment. Lastly, the Court agrees with the Magistrate Judge that declining to exercise supplemental jurisdiction over Plaintiff's state law claims is appropriate here because the Court will dismiss all of Plaintiff's federal claims for the reasons set forth above.

      Accordingly,

---

[2] Even if Defendant Hall's alleged remark that Plaintiff is "just another young black boy from Inkster waiting on a bullet" is a racial epithet, the isolated use of a racial epithet, while reprehensible, does not rise to the level of a constitutional violation unless accompanied by other misconduct on the part of the officer. *See Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999); *Carter v. Morris*, 164 F.3d 215, 219 n.3 (4th Cir. 1999); *Brims v. Barlow*, 441 F. App'x 674, 678 (11th Cir. 2011); *Patton v. Przybylski*, 822 F .2d 697, 700 (7th Cir. 1987); *Guzinski v. Hasselbach*, 920 F. Supp. 762, 764 n.1 (E.D. Mich. 1996); *Davis v. Michigan Dep't of Corr.*, 746 F. Supp. 662, 667 (E.D. Mich. 1990); *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012).

IT IS ORDERED that Magistrate Judge Mona K. Majzoub's Report and Recommendation (Doc # 50) is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (Doc # 33) is GRANTED for the reasons set forth above.

IT IS FURTHER ORDERED that Defendants' Defendants' *Ex Parte* Sealed Motion for Order Permitting Them to Take John Doe Deposition (Doc # 38) is DENIED AS MOOT.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.


Dated:  August 23, 2017                    s/Denise Page Hood
                                           Chief, U.S. District Court


I hereby certify that a copy of the foregoing document was served upon counsel of record on August 23, 2017, by electronic and/or ordinary mail.


                                           s/Julie Owens
                                           Acting in the absence of LaShawn Saulsberry
                                           Case Manager